JUSTICE HUNT,
dissenting:
I dissent. The search warrant application did not contain sufficient facts to establish probable cause and, thus, violated the protections guaranteed by the Fourth Amendment to the United States Constitution and Art. II, § 11 of the Montana Constitution.
The search warrant application was partially based upon telephone calls from an anonymous informant who reported observing Rydberg buying and selling drugs. The majority notes, and correctly so, that when a magistrate examines an application for a search warrant, he must consider:
“. . . all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information. [Emphasis added.]”
Illinois v. Gates (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548.
The validity of a search warrant based on information received from an informant will not necessarily be negated as long as the reliability and credibility (the veracity) and the basis of the informant’s knowledge is established. The majority makes a feeble attempt to *77 establish the veracity of the anonymous informant, who communicated by telephone, by stating that because a crimestopper’s tip corroborated the informant’s report, the “veracity of the information provided” was indicated. It is not the veracity of the “information” which is at issue when dealing with informants, but the veracity of the informant himself. In this case, the veracity of the informant is impossible to establish because the informant remains anonymous. Because the informant remains anonymous, his veracity cannot be established, therefore, his statements may not be introduced as a basis for issuing the search warrant. Without the informant’s statements, the search warrant fails for lack of probable cause.
The majority states that the “application need only contain facts sufficient to indicate the probability of criminal activity in light of the totality of the circumstances.” Aside from information received from the informant’s anonymous telephone calls, the only other fact considered when issuing the warrant was a crimestopper’s tip. The veracity of the crimestopper’s tipster, as with the anonymous informant, has not been established. For all we know, it could have been the same person.
Moreover, the majority admits that the “application regrettably fails to state clearly the source of this information.” Regrettable indeed! What is even more regrettable is the kind of precedent established by this case. Even in the most lenient of circumstances, the information relied upon would not establish probable cause and is, therefore, unconstitutional.
I would reverse the District Court.
I also concur in the dissent of JUSTICE McDONOUGH.